UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**ASHANTI CRAWFORD,**

    **Plaintiff,**

v.                                                              Civil Action No.: 2: 23 CV 293

                                                                       **JURY TRIAL DEMANDED**

**MECCA CARE, LLC**

    **SERVE:**    Anthony Page Jr., Registered Agent
                            1205 Poindexter Street
                            Chesapeake, Virginia 23324

    **Defendant.**

**COMPLAINT**

Plaintiff Ashanti Crawford ("Crawford"), by and through her attorney, Jeremiah A. Denton III, submits her complaint against the Defendant, Mecca Care, LLC ("Mecca"), and alleges the following:

**PARTIES**

1.    Plaintiff Crawford, a natural person and resident of Norfolk, Virginia, brings this action. She was employed by Mecca from January 6, 2022, to April 21, 2022, as an Intake Coordinator.

2.    Upon information and belief, at all relevant times herein, Mecca is and has been a limited liability company that maintains and operates a home health facility in Virginia and other states and was incorporated in and has its principal place of business in Philadelphia, Pennsylvania. At all times herein, Mecca employed Crawford and her supervisor, William

Himes ("Himes").

## JURISDICTION AND VENUE

3.      This Court has diversity jurisdiction over Plaintiff's state common law claims under 28 U.S.C. § 1332.

4.      Amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## FACTS

5.      Ms. Crawford is a 25-year-old woman residing in Norfolk, Virginia.

6.      Ms. Crawford began working for Mecca in January 2022 at its Chesapeake, Virginia office as an Intake Coordinator.

7.      Ms. Crawford's direct supervisor was Defendant's employee, William Himes.

8.      Himes knew that Ms. Crawford was living in a shelter and seeking permanent housing.

9.      During the course of her employment, Ms. Crawford was required to be alone in the office with Himes.

10.     Upon the start of Ms. Crawford's employment with Mecca, Himes commenced making sexually suggestive remarks to Ms. Crawford, and in February or March of 2022, Himes began making remarks about, and asking questions about sex completely unrelated to her job duties.

11.     In early April 2022, Himes began sexually assaulting Ms. Crawford by wrapping his arms around her and groping Ms. Crawford's buttox and breasts.

12.     Ms. Crawford was transfixed with fear every time Himes grasped and groped her.

13.     In April 2022, Himes forcibly touched Ms. Crawford against her will in the

vaginal area with his fingers on the outside of her clothes.

14. On April 13, 2022, Himes approached Ms. Crawford in the Chesapeake Mecca office, telling her that she had been standoffish and stubborn, and that his uncle, who he referred to as a "pimp," taught him how to "break women like a dog," and then using a dog leash, tied her hands behind her back, brandished a pistol, told Ms. Crawford that she was going to be a "good" secretary," walked her by the dog leash back to his office, shut and locked the door, removed her pants and underpants, and forced his fingers into her vagina and anus, while applying pressure to her back with his other hand to hold her torso down on a desk top and instructing her that she needed to comply with his commands.

15. Ms. Crawford did not consent to this sexual assault and told Himes to stop multiple times.

16. Instead Himes pressed his penis against her in an attempt to rape her, after which Himes untied Ms. Crawford and ordered her to put her pants back on and return to her desk.

17. After leaving work that day, Ms. Crawford never returned.

## COUNT I

### Assault and Battery: Respondeat Superior

18. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth herein.

19. Himes' sexual assault and batteries alleged herein were committed within his scope of employment for Mecca, in that, as part of his job at Mecca, he was directly supervising the Plaintiff when he sexually assaulted her immediately after explicitly telling her that he was

going to teach her how to be a "good secretary."

20. As a direct and proximate result of Himes' conduct, Plaintiff, has suffered, and will in the future suffer great damages including physical injury, severe mental anguish, stress, embarrassment, humiliation, inconvenience, and pain and suffering, causing symptomatic reaction, including but no limited to depression, nervousness, inability to sleep, severe and persistent nightmares, panic attacks, loss of self-esteem, and severe anxiety impacting Plaintiff's daily living activities, medical expenses, loss of enjoyment of life and other nonpecuniary injuries in amounts to be determined at trial.

## COUNT II

### Aggravated Sexual Battery: Respondeat Superior

21. Plaintiff repeats and realleges the allegations set forth appearing elsewhere herein.

22. Himes was at his place of employment by Mecca when he perpetrated the aggravated sexual assault alleged herein, perpetrated the assault during working hours and while he was "on the clock," committed the assault during the course of exercising direct supervision over the Plaintiff in the performance of her duties as a Mecca employee, and told Plaintiff he was going to "make her a good secretary" by digitally raping her.

23. Therefore, Mecca is vicariously liable for Himes' sexual assault of the Plaintiff, which proximately caused the injuries and damages alleged supra.

## COUNT III

### Intentional Infliction of Emotional Distress: Respondeat Superior

24. Plaintiff repeats and realleges the allegations set forth in all other allegations herein.

25. Himes' conduct, detailed herein, was done with the intended and specific purpose to inflict emotional distress on Crawford, or Himes knew or should have known that his conduct would result in severe emotional distress to Crawford.

26. Himes' conduct was so outrageous and intolerable that is offends the accepted standards of decency and morality in the community.

27. As a result of the actions described herein, Crawford has suffered emotional distress manifesting in physical symptoms from said emotional distress including, but not limited to nausea, crying, and sleep deprivation.

28. Crawford's emotional distress and physical manifestations were proximately caused by Himes' conduct.

29. Himes' actions displayed a reckless and wanton disregard for Crawford's rights and an award of punitive damages is therefore appropriate.

30. As a proximate result of Himes' actions described above, Crawford became hyper-vigilent, agitated to the point of being unable to relax at home, causing her insomnia, fear, anxiety and agitation; dreaded leaving home out of concern for what Himes might do to her if he found her out and about; and attended therapy and medical appointments as a direct result of Himes' actions which resulted in lost income. Himes' actions rendered Crawford functionally incapable of carrying out her work and family responsibilities and severally and fundamentally altered every aspect of her life.

31. As a result of the anxiety generated by Himes' wrongful behavior, described herein, Crawford lost sleep and missed significant time from work.

32. As a proximate result of Himes' actions described above, Crawford has suffered

lost past and future wages, professional opportunities, and other valuable benefits and emoluments of employment as well as to endure severe emotional pain and trauma, all to her detriment.

33. Himes was at his place of employment by Mecca when he perpetrated the assault during working hours and while they were "on the clock," and he committed the assaults during the course of exercising direct supervision over the Plaintiff in the performance of her duties as a Mecca employee.

34. Therefore, Mecca is vicariously liable via the doctrine of respondeat superior for Himes' intentional infliction of emotional distress to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Ashanti Crawford, respectfully requests judgment against the Defendant, Mecca Care LLC, in the amount of $5,000,000.00 in compensatory damages and $350,000.00 in punitive damages, with interest from April 13, 2022.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

ASHANTI CRAWFORD

By:/s/_____

Jeremiah A. Denton III, Esquire (VSB# 19191)
**Jeremiah A. Denton, PC**
3300 South Building, Suite 208
397 Little Neck Road
Virginia Beach, Virginia 23454
Tel: (757) 340-3232
Fax: (757) 340-4505
jerry@jeremiahdenton.com
*Counsel for Plaintiff*